STATE OF NORTH CAROLINA v. CARROLL SUTTON
No. 6830SC460

(Filed 11 December 1968)

1. Criminal Law § 161—— review of exception to the judgment

An assignment of error to the entry of judgment imposing sentences upon defendant's pleas of guilty to the charges against him presents the record proper for review, and there are no grounds for error where the record discloses that the trial court accepted the guilty pleas only after examining defendant and determining that such pleas of guilty were freely, understandingly and voluntarily made, without duress or promise of leniency, and only after defendant had been advised of his rights and of the maximum punishment which might be imposed.

2. Disorderly Conduct and Public Drunkenness § 2—— prosecutions for public drunkenness — sentence

In a prosecution upon warrant charging defendant with public drunkenness and upon six warrants charging the commission of subsequent offenses within a twelve-month period, sentences which, *inter alia*, committed defendant to the custody of the Commissioner of Correction for an indeterminate period of not less than 30 days nor more than six months are within the statutory limits. G.S. 14-335.

APPEAL by defendant from *Jackson, J.,* July 1968 Session of HAYWOOD Superior Court.

Defendant states in his brief that he was tried in the District Court of Haywood County on seven warrants charging him with public drunkenness in violation of G.S. 14-335. Six of the warrants charged commission of a subsequent offense within a twelve-month period. He further states in his brief that he pleaded guilty in the district court and from judgment pronounced appealed to the superior court. Upon call of the seven cases for trial in the superior court, defendant again pleaded guilty in each case. Three of the cases in which defendant was charged with commission of a subsequent offense were consolidated for purpose of judgment and judgment was entered in these cases committing defendant to the custody of the Commissioner of Correction for an indeterminant sentence of not less than 30 days nor more than six months. The three remaining cases in which defendant had been charged with commission of a subsequent offense under the statute were also consolidated for purpose of judgment and in these cases judgment was also entered committing defendant to custody of the Commissioner of Correction for a similar indeterminant sentence, suspended, however, with the consent of the defendant given in open court, for a period of two years upon condition that defendant be of good behavior and not violate any of the laws of the State. In the case in which defendant had been charged with the first offense of public drunkenness, judgment was entered that he be confined for twenty days, this sentence to run concurrently with the active sentence which had been imposed in the first three cases in which defendant had been charged with commission of a subsequent offense. From the judgments entered in the seven cases, defendant appealed.

*Attorney General T. W. Bruton and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*W. R. Francis for defendant appellant.*

PARKER, J.

Appellate's court-appointed counsel has with admirable candor stated in his brief that he has reviewed the record and can find no error. We agree.

The only assignment of error is to the entry of the judgment imposing sentences upon defendant on his pleas of guilty to the seven charges which had been made against him. This assignment presents the record proper for our review. 1 Strong, N. C. Index 2d,

Appeal and Error, § 26, p. 152. Examination of the record discloses that the pleas of guilty tendered by defendant were accepted by the trial court only after defendant had been carefully examined by the court and the court had determined that such pleas of guilty were freely, understandingly, and voluntarily made, and were made without undue influence, compulsion or duress, and without promise of leniency and only after defendant had been fully advised of his rights and the charges against him and of the maximum punishment which might be imposed for the offenses to which he pleaded guilty. All of defendant's rights were meticulously protected by the court at his trial. The sentences imposed were within statutory limits. G.S. 14-335. Defendant has no just cause to complain.

No error.

BROCK and BRITT, JJ., concur.